United States Courts
Southern District of Texas
FILED

FEB 09 2026

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

ANTHONY J. ROSS SR.,
Plaintiff,
v.                           Civil Action No. _____

OFFICER BALL,
Individually and in his official capacity,
CITY OF GALVESTON, TEXAS,
Defendants.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. § 1983)

I. JURISDICTION AND VENUE
This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, the Fourth Amendment, and the Fourteenth Amendment to the United States Constitution.
This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) (civil rights jurisdiction).

Venue is proper in this District under 28 U.S.C. § 1391(b) because all events giving rise to this action occurred in Galveston County, Texas, within the Southern District of Texas, Galveston Division.

II. PARTIES
Plaintiff Anthony J. Ross Sr. is a United States citizen residing at
1428 E. 77th Street, Kansas City, Missouri 64131.
Email: tajero48@gmail.com
Phone: (816) 604-0689
Defendant Officer Ball is a law enforcement officer employed by the Galveston Police Department, acting under color of state law at all times relevant. He is sued individually and in his official capacity.
Defendant City of Galveston, Texas is a municipal entity responsible for the policies, customs, training, supervision, and discipline of its police officers, including Defendant Officer Ball.

III. STATEMENT OF FACTS
On or about February 12, 2024, Plaintiff was lawfully operating a motor vehicle in Galveston, Texas.

Plaintiff's vehicle displayed a valid Missouri temporary registration tag, properly affixed and clearly visible, in compliance with Missouri and Texas law.
Defendant Officer Ball initiated a traffic stop alleging the tag was improperly displayed. Body-worn camera footage later confirmed the tag was properly displayed, contradicting Defendant's stated justification.

During the stop, Defendant Ball acted in an aggressive and escalating manner,

repeatedly approaching Plaintiff's vehicle, holding the door open without consent, issuing conflicting and rapid commands, and prolonging the stop beyond its lawful scope.

Defendant Ball claimed to smell marijuana despite no marijuana or controlled substances being found, a tactic frequently condemned by courts as insufficient, standing alone, to justify a warrantless search when contradicted by the totality of circumstances.
(See Rodriguez v. United States, 575 U.S. 348 (2015)).

A passenger was present in the vehicle but was neither searched nor detained and was allowed to leave freely, demonstrating unequal and selective enforcement against Plaintiff.
Plaintiff was forcibly removed from the vehicle and subjected to two full body searches, neither of which revealed contraband.

Plaintiff was then detained in the back of Defendant Ball's patrol car without probable cause and subjected to invasive conduct, including the removal of Plaintiff's religious head covering, shoes, and socks, in violation of clearly established constitutional protections.
Defendant Ball conducted a warrantless search of Plaintiff's locked glove compartment without consent, later claiming discovery of illegal substances that were not tested at the scene, not photographed, and not independently verified, raising serious concerns of fabrication or manipulation of evidence.

During the encounter, Plaintiff suffered an asthma attack and severe anxiety, repeatedly requesting medical attention.
Approximately two and a half weeks later, officers forcibly entered Plaintiff's residence without a warrant, tackled Plaintiff, and arrested him on charges allegedly related to the earlier stop.

Plaintiff was detained in the Galveston County Jail for approximately five months under an excessive bond, resulting in prolonged loss of liberty, emotional trauma, and financial hardship.

The conduct described above reflects systemic failures in training, supervision, and discipline within the Galveston Police Department and constitutes a pattern of unconstitutional policing.

## IV. CONSTITUTIONAL VIOLATIONS

Count I – Fourth Amendment (Unlawful Stop, Search, Detention, and Arrest)
Defendants violated Plaintiff's rights under the Fourth Amendment, as applied to the states through the Fourteenth Amendment, by conducting an unlawful traffic stop, prolonging detention without reasonable suspicion, performing warrantless searches, and effectuating arrest without probable cause.
(See Terry v. Ohio, 392 U.S. 1 (1968); Arizona v. Gant, 556 U.S. 332 (2009)).

Count II – Fourteenth Amendment (Equal Protection & Due Process)
Defendants subjected Plaintiff to unequal and discriminatory treatment, selectively enforcing the law without legitimate justification, in violation of the Equal Protection Clause.

Defendants further deprived Plaintiff of liberty without due process of law through fabricated or unsupported allegations.

V. MUNICIPAL LIABILITY (MONELL CLAIM)
Defendant City of Galveston is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978).
At all relevant times, the City maintained policies, customs, or practices that permitted or encouraged:
a. Traffic stops without probable cause;
b. Prolonged detentions in violation of Rodriguez;
c. Warrantless searches absent consent or exigent circumstances;
d. Removal of religious coverings without justification;
e. Failure to preserve or verify evidence;
f. Failure to discipline officers for constitutional violations.
The City failed to adequately train and supervise its officers despite obvious constitutional risks, amounting to deliberate indifference.
(See City of Canton v. Harris, 489 U.S. 378 (1989)).

These policies and failures were the moving force behind Plaintiff's injuries.

VI. DAMAGES
As a direct and proximate result of Defendants' actions, Plaintiff suffered:
a. Loss of liberty;
b. Physical injury and medical distress;
c. Severe emotional distress and anxiety;
d. Humiliation and mental anguish;
e. Financial losses;
f. Interference with religious freedom.
Plaintiff seeks compensatory damages, punitive damages against Defendant Officer Ball, costs, and any other relief the Court deems just.

VII. JURY DEMAND
Plaintiff demands a trial by jury on all issues so triable.

VIII. PRAYER FOR RELIEF
WHEREFORE, Plaintiff respectfully requests that this Court:
A. Enter judgment in Plaintiff's favor;
B. Award compensatory damages;
C. Award punitive damages;
D. Award costs and fees as permitted by law;
E. Grant all other relief deemed just and equitable.

Respectfully submitted,

Anthony J. Ross Sr.

Plaintiff, Pro Se
1428 E. 77th Street
Kansas City, Missouri 64131
Email: tajero48@gmail.com
Phone: (816) 604-0689
Date: 2/2/2026

ANTHONY JEROME ROSS SR.
1428 E. 74TH ST.
KANSAS CITY MO. 64131

KANSAS CITY 640
3 FEB 2026 PM 5 L

United States Courts
Southern District of Texas
FILED
FEB 09 2026
Nathan Ochsner, Clerk of Court

CLERK OF COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION (Administrative Intake)
515 RUSK AVE.
HOUSTON TEXAS 77002